## Peter Swanberg v. William E. Treadwell.

1. TRIALS BY THE COURT—*On Conflicting Evidence.*—A judge trying a case without a jury sees the witnesses when they testify, his opportunities for discovering the truth are superior to those possessed by a court of appeal, and as a rule his finding should not be disturbed.

**Transcript,** from a justice of the peace. Appeal from the County Court of De Kalb County; the Hon. CHARLES A. BISHOP. Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896. Rehearing denied May 19, 1897.

W. C. KELLUM, attorney for appellant.

Where the trial is by the court, as in this case, the finding has the force of a verdict, and will be only set aside when a verdict would. Where the evidence is conflicting, as in this case, the finding will be sustained unless it is manifestly against the weight of the evidence, and certainly not where the evidence is conflicting and nearly balanced. The finding will not be set aside as unwarranted if the evidence of the prevailing party is by itself sufficient, if believed, to support it. This has been uniformly held to be the law by our Supreme and Appellate Courts in almost every volume of the reports. Bush v. Kindred, 20 Ill. 93; Tolmas v. Race, 36 Ill. 472; Forlouf v. Bowlin, 29 Ill. App. 471; Calvert v. Carpenter, 96 Ill. 63; Buchanan v. McLennon, 105 Ill. 56.

H. T. SMITH and THOMAS CLIFFE, attorneys for appellee.

Where the evidence at first blush strikes the mind as clearly insufficient, or where the verdict is against the manifest weight of the evidence, a new trial should be granted. Illinois C. R. R. v. Alexander, 44 Ill. App. 505; Belden v. Innis, 84 Ill. 78; Illinois C. R. R. v. Chambers, 71 Ill. 519; City of Chicago v. Lavelle, 83 Ill. 482.

Where the parties waive a jury and the cause is tried by the court sitting as a jury, the court stands in the place of a jury, and the decision will be reversed or affirmed by the

same rules which govern when the facts are tried by a jury. Field v. C. & R. I. R. R. Co., 71 Ill. 458; Thomas v. Rutledge,   67 Ill. 213; Crabtree v. Fuquay, 49 Ill. 520; McGregor v. McDevitt, 64 Ill. 261.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover for medical services rendered appellant and members of his family.

Upon the trial he introduced a book account of original entries showing charges amounting to $89.85, and cash credits to amount of $50.

The case was tried by the court without a jury, and judgment for $50 was rendered in favor of appellee.

Appellant claimed that nearly all of the services were rendered his adult daughter, who had been living away from his home, and was at the time earning her own living, and that the account was barred by the statute of limitations.

If the court believed appellee, then he was justified in finding that the services rendered appellant's adult daughter were rendered at the instance of appellant while the daughter was at his home, and under such circumstances as would make appellant liable, and that within five years prior to the commencement of the suit appellant promised to pay the balance of the account.   So believing, the judgment was right.

Appellee was contradicted by appellant upon all the material points in issue, and upon some of them by appellant's daughter.   But all the witnesses were seen by the court when they testified.   His opportunities for discovering the truth were superior to ours.

The case does not justify a review in detail of the conflicting points of contention in the evidence.

Judgment affirmed.